1  LATHAM & WATKINS LLP
       Patrick E. Gibbs, Bar No. 183174
2      *patrick.gibbs@lw.com*
       Matthew Rawlinson, Bar No. 231890
3      *matt.rawlinson@lw.com*
   140 Scott Drive
4  Menlo Park, California 94025
   Telephone:  +1.650.328.4600
5  Facsimile:  +1.650.463.2600

6  LATHAM & WATKINS LLP
       Michele D. Johnson, Bar No. 198298
7      *michele.johnson@lw.com*
       Colleen C. Smith, Bar No. 231216
8      *colleen.smith@lw.com*
   650 Town Center Drive, 20th Floor
9  Costa Mesa, California  92626-1925
   Telephone:  +1.714.540.1235
10 Facsimile:  +1.714.755.8290

11 Attorneys for Defendants
   Manouch Moshayedi,
12 Mehrdad Moshayedi
   Raymond D. Cook, and
13 Rajat Bahri

14            **UNITED STATES DISTRICT COURT**

15            **CENTRAL DISTRICT OF CALIFORNIA**

16

17 | WILLIAM A. SOKOLOWSKI, | Case No. 8:12-cv-01862-JVS(MLGx) |

18 | Plaintiff, | *Consolidated with Lead Case No. 8:10-cv-00667-JVS(MLGx)* |

19 | v. |

20 | MANOUCH MOSHAYEDI, *et al.*, | **DEFENDANTS MANOUCH MOSHAYEDI, MEHRDAD MOSHAYEDI, RAYMOND D. COOK, AND RAJAT BAHRI'S ANSWER TO PLAINTIFF SOKOLOWSKI'S DIRECT CLAIMS FOR VIOLATION OF FEDERAL SECURITIES LAWS** |

21 | Defendants, |

22 | and |

23 | STEC, INC., a California Corporation, |

24 | Nominal Defendant. | **DEMAND FOR JURY TRIAL** |

25 | | Judge:   Hon. James V. Selna |
   | | Court:   10C |

26

27

28

1      Consistent with the Court's March 22, 2013 Order (Dkt # 66), Defendants

2 Manouch ("Manouch") Moshayedi, Mehrdad ("Mark") Moshayedi, Raymond D.

3 Cook, and Rajat Bahri (collectively, "Defendants") hereby answer Plaintiff

4 William A. Sokolowski's direct and individual claims for violations of Sections

5 10(b) and Rule 10b-5 thereunder, and 20(a) of the Securities Exchange Act of 1934

6 (the "Exchange Act"), 15 U.S.C. §§ 78j, 78t (collectively, the "Securities Law

7 Claims") contained in Plaintiff's Complaint for Violation of Federal Securities

8 Laws.  No part of this answer is intended to or shall constitute an answer or

9 response on behalf of any other defendant named in the Complaint, other than

10 those Defendants identified in this paragraph.[1]

11      Defendants expressly are not responding to or answering Plaintiff's demand

12 allegations or derivative claims for Breach of Fiduciary Duty (Count III), Unjust

13 Enrichment (Count IV), Violation of California Corporations Code § 25402 (Count

14 V), and Waste of Corporate Assets (Count VI).  No part of this answer is intended

15 to or shall constitute an answer or response to any of Plaintiff's demand allegations

16 or derivative claims.  Furthermore, no part of this answer is intended to or shall

17 constitute an answer or response to any of the demand allegations or derivative

18 claims asserted in the Consolidated Derivative Action *In re STEC, Inc. Derivative*

19 *Litigation*, No. CV10-00667-JVS(MLGx), into which the Court consolidated this

20 action by Order dated January 23, 2013 (Docket # 39).  Defendants expressly

21 reserve their rights to seek dismissal of all of Plaintiff's demand allegations and

22 derivative claims, as well as those in the operative Consolidated Derivative Action,

23 pursuant to applicable federal law, including, but not limited to, Rules 12 and 23.1

24 of the Federal Rules of Civil Procedure.  Defendants further reserve their rights to

25

26

---

27 [1]   The Securities Act Claims are not asserted against Defendants Robert M.
Saman, Masoud Moshayedi, Dan Moses, F. Michael Ball, Matthew Witte,
28 Christopher Colpitts, the Mehrdad Moshayedi Trust, the Manouch Moshayedi
Trust, or the Masoud Moshayedi Trust.  Compl. ¶ 1.

1  request dismissal of the Complaint on any ground.  To the extent not explicitly

2  admitted, all allegations of the Complaint are denied.[2]

3  ### ANSWER TO SPECIFIC ALLEGATIONS

4       Defendants incorporate the Introduction of this Answer as if fully set forth

5  herein and answer each specific allegation as follows:

6       1.     Answering Paragraph 1, this Paragraph sets forth Plaintiff's

7  characterization of this action as well as legal conclusions that do not require a

8  response from Defendants.  To the extent that Paragraph 1 contains factual

9  allegations requiring a response, Defendants deny the allegations of this

10 Paragraph.

11      2.     Answering Paragraph 2, Defendants admit that

12 PriceWaterhouseCoopers, LLP ("PWC") was STEC, Inc.'s auditor between June

13 16, 2009 and February 23, 2010 (the "Relevant Period," as defined by Plaintiff).

14 Except as expressly admitted, Defendants deny the allegations of this Paragraph.

15      3.     Answering Paragraph 3, Defendants admit that Manouch Moshayedi

16 and Mark Moshayedi are brothers and were among the co-founders of STEC, Inc.

17 ("STEC").  Defendants deny the remaining allegations of this Paragraph.

18      4.     Answering Paragraph 4, Defendants Manouch Moshayedi and Mark

19 Moshayedi admit that they sold certain shares of STEC stock in a public offering

20 announced on August 3, 2009 (the "Secondary Offering").  Except as expressly

21 admitted, Defendants deny the allegations of this Paragraph.

22      5.     Answering Paragraph 5, Defendants admit that on July 19, 2012 the

23 Securities and Exchange Commission ("SEC") filed a civil action against

24 Manouch Moshayedi (the "SEC Lawsuit").  Except as expressly admitted,

25 Defendants deny the allegations of this Paragraph.

26
---
[2] To the extent the headings in the Complaint are intended to constitute factual

27 allegations, Defendants deny each and every such allegation.  To the extent the
prefatory material on page 2 of the Complaint prior to Paragraph 1 is intended

28 to constitute factual allegations, Defendants deny each and every such
allegation.

1    6.      Answering Paragraph 6, Defendants admit that Masoud "Mike"

2    Moshayedi was not an officer or director of STEC during the Relevant Period.

3    Except as expressly admitted, Defendants deny the allegations of this Paragraph.

4    7.      Defendants expressly reserve response to Plaintiff's demand

5    allegations and derivative claims, including Paragraph 7, and no part of this

6    answer constitutes an answer or response to any such allegations or claims.

7    8.      Answering Paragraph 8, with respect to the first sentence, Defendants

8    lack knowledge or information sufficient to form a belief as to the truth of the

9    allegations contained therein regarding the Plaintiff's alleged purchase of STEC

10   securities and deny the allegations on that basis.  The remainder of this Paragraph

11   sets forth Plaintiff's characterization of this action as well as legal conclusions and

12   does not require a response from Defendants.  To the extent Paragraph 8 contains

13   factual allegations requiring a response, Defendants deny the allegations of this

14   Paragraph.

15   9.      Defendants expressly reserve response to Plaintiff's demand

16   allegations and derivative claims, including Paragraph 9, and no part of this

17   answer constitutes an answer or response to any such allegations or claims.

18   10.     Answering Paragraph 10, this Paragraph sets forth Plaintiff's

19   characterization of this action as well as legal conclusions and does not require a

20   response from Defendants.  To the extent that Paragraph 10 contains factual

21   allegations requiring a response, Defendants deny the allegations of this

22   Paragraph.

23   11.     Answering Paragraph 11, Defendants admit that during the Relevant

24   Period, STEC was a manufacturer of data storage devices for computer systems,

25   and that STEC's customers included original equipment manufacturers ("OEMs"),

26   such as EMC, IBM, Hitachi, Hewlett-Packard ("HP") and Sun Microsystems

27   ("Sun").  With regard to the remaining allegations of this Paragraph, Defendants

28

1  lack knowledge or information sufficient to form a belief as to the truth of the

2  allegations and deny the allegations on that basis.

3       12.    Answering Paragraph 12, with regard to the first and second

4  sentences, Defendants admit that STEC manufactured enterprise-class solid-state

5  drives ("SSDs") and that SSDs are used for storing information in a computer

6  system.  With regard to the third, fourth, and fifth sentences, Defendants respond

7  that the allegations constitute a misleading and inaccurate oversimplification of a

8  complex engineering and manufacturing process and deny the allegations on that

9  basis.  Except as expressly admitted, Defendants deny the allegations of this

10  Paragraph.

11       13.    Answering Paragraph 13, Defendants admit that STEC's ZeusIOPS

12  SSD product was, during the Relevant Period, a high-performance enterprise-class

13  data storage solution.  With regard to the remaining allegations of Paragraph 13,

14  Defendants respond that the allegations constitute a misleading and inaccurate

15  oversimplification of a complex engineering and manufacturing process and deny

16  the allegations on that basis.  Except as expressly admitted, Defendants deny the

17  allegations of this Paragraph.

18       14.    Answering Paragraph 14, with regard to the first sentence, Defendants

19  admit that STEC was founded in 1990 by Manouch Moshayedi, Mark Moshayedi

20  and Mike Moshayedi.  With regard to the second sentence, Defendants admit that

21  Manouch Moshayedi, Mark Moshayedi, and Mike Moshayedi have served as

22  officers and directors of the Company.  With regard to the third sentence,

23  Defendants admit that Manouch Moshayedi was the Company's Chief Executive

24  Officer ("CEO") and Chairman of the Company's Board of Directors and that he

25  held these positions during the Relevant Period, inclusive.  With regard to the

26  fourth sentence, Defendants admit that Mark Moshayedi was the Company's

27  Chief Operating Officer ("COO"), Chief Technical Officer ("CTO"), President

28  and Secretary, as well as a member of STEC's Board of Directors and Equity

1    Awards Committee, and that he held these positions during the Relevant Period.

2    With regard to the fifth sentence, Defendants admit that Mike Moshayedi was

3    formerly the Company's President and that he retired in 2007.  Except as

4    expressly admitted, Defendants deny the allegations of this Paragraph.

5         15.    Answering Paragraph 15, with regard to the first sentence, this

6    sentence sets forth Plaintiff's legal conclusions and does not require a response

7    from Defendants.  With regard to the second sentence, Defendants Manouch

8    Moshyedi and Mark Moshayedi admit that together they owned approximately

9    35.4% of STEC's common stock at the beginning of the Relevant Period.  With

10   regard to the third sentence, this sentence sets forth Plaintiff's legal conclusions

11   and does not require a response from Defendants.  Except as expressly admitted,

12   Defendants deny the allegations of this Paragraph.

13        16.    Answering Paragraph 16, Defendants deny the allegations contained

14   therein, except to the extent that the allegations constitute Plaintiff's legal

15   conclusions to which no response is required.

16        17.    Answering Paragraph 17, the allegations contained in Paragraph 17

17   and its subparagraphs contain Plaintiff's legal conclusions and do not require a

18   response from Defendants.  To the extent that Paragraph 17 and its subparagraphs

19   contain factual assertions requiring a response, Defendants deny the allegations of

20   this Paragraph.

21        18.    Answering Paragraph 18, Defendants respond that prices of STEC

22   stock over time are publicly available.  The remaining allegations of this

23   Paragraph contain Plaintiff's legal conclusions and do not require a response from

24   Defendants.  To the extent that Paragraph 18 contains factual assertions requiring

25   a response, Defendants deny the allegations of this Paragraph.

26        19.    Answering Paragraph 19, Defendants admit that STEC announced the

27   Secondary Offering on August 3, 2009.  Defendants deny the remaining

28   allegations of this Paragraph.

20.     Answering Paragraph 20, Defendants deny the allegations of this Paragraph.

21.     Answering Paragraph 21, Defendants Manouch Moshayedi and Mark Moshayedi admit that certain shares sold in the Secondary Offering were sold by the Trust Defendants.   Defendants deny the remaining allegations in this Paragraph, including the accompanying footnote.

22.     Answering Paragraph 22, with regard to the first sentence, Defendants admit that STEC's 2009 Form 10-K, filed with the SEC on February 23, 2010, reported that the SEC was conducting a formal investigation involving trading in STEC securities, that certain of STEC's officers and employees, including Manouch Moshayedi and Mark Moshayedi, received subpoenas in connection with the investigation, and that Defendants fully cooperated with the SEC with regard to the investigation.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

23.     Answering Paragraph 23, this Paragraph sets forth Plaintiff's characterization of this action as well as legal conclusions and does not require a response from Defendants.  To the extent that Paragraph 23 contains factual assertions requiring a response, Defendants deny the allegations of this Paragraph.

24.     Answering Paragraph 24, Defendants admits that this Court has jurisdiction over federal claims brought under 15 U.S.C. § 78aa.  Defendants deny the remaining allegations in this Paragraph, except to the extent that the allegations constitute legal conclusions that do not require a response.

25.     Answering Paragraph 25, with regard to the first sentence, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and deny the allegations on that basis.  With regard to the second sentence, Defendants admit that venue in this district is proper because each Defendant either resides or conducts business in this district.  With regard to the third sentence, Defendants admit that STEC maintains its principal

1    place of business at 3001 Daimler Street, Santa Ana, California 92705, and that

2    this location is the principal place of business for Manouch Moshayedi, Mark

3    Moshayedi, and Raymond D. Cook.  Defendants deny the remaining allegations of

4    this Paragraph, except to the extent that the allegations constitute legal

5    conclusions that do not require a response.

6           26.    Answering Paragraph 26, Defendants admit that they have used the

7    United States mail, interstate telephone communications, and the facilities of the

8    national securities markets.  Defendants deny the remaining allegations of this

9    Paragraph.

10          27.    Answering Paragraph 27, Defendants lack knowledge or information

11   sufficient to form a belief as to the truth of the allegations regarding Plaintiff's

12   ownership of STEC securities, and deny the allegations on that basis.  Defendants

13   deny the remaining allegations of this Paragraph, except to the extent that the

14   allegations constitute Plaintiff's legal conclusions to which no response is

15   required.

16          28.    Answering Paragraph 28, with regard to the first sentence, Defendants

17   admit that STEC is a California corporation with its principal place of business

18   located at 3001 Daimler Street, Santa Ana, California 92705.  With regard to the

19   second sentence, Defendants admit that STEC is a leading global provider of solid

20   state technologies and solutions tailored to meet the high-performance, high-

21   reliability needs of OEMs such as EMC, IBM, HP, Hitachi and Sun.  With regard

22   to the third sentence, Defendants admit that during the Relevant Period, STEC

23   manufactured and sold enterprise-class solid-state drives ("SSDs"), such as the

24   ZeusIOPS.  With regard to the fourth sentence, Defendants admit that STEC

25   manufactures a comprehensive line of SSDs for the enterprise storage industry.

26   Except as expressly admitted, Defendants deny the allegations of this Paragraph.

27          29.    Answering Paragraph 29, with regard to the first sentence, Defendants

28   admit that Manouch Moshayedi, Mark Moshayedi and Mike Moshayedi founded

1   STEC, then named Simple Technology, Inc., in 1990.  With regard to the second

2   sentence, Defendants aver that the phrase "grew rapidly through acquisitions and

3   expansions" is vague and ambiguous and deny the allegations on that basis.  With

4   regard to the third sentence, Defendants admit that STEC went public in

5   September 2000.  With regard to the fourth sentence, Defendants admit that in

6   2007, STEC sold its consumer division, and introduced the ZeusIOPS SSDs, a

7   high-performance enterprise-class data storage solution.  Except as expressly

8   admitted, Defendants deny the allegations of this Paragraph.

9       30.    Answering Paragraph 30, with regard to the first sentence, Defendants

10  admit that during the Relevant Period, STEC's stock was publicly traded on

11  NASDAQ under the ticker symbol "STEC."  With regard to the second sentence,

12  Defendants admit that as of August 24, 2012, the Company had approximately

13  46.7 million shares of common stock outstanding.  Except as expressly admitted,

14  Defendants deny the allegations of this Paragraph.

15      31.    Answering Paragraph 31, with regard to subparagraph (a), concerning

16  the first sentence, Defendants admit that Manouch Moshayedi was the Company's

17  CEO, Chairman of the Company's Board of Directors, and a member of the

18  Equity Awards Committee, and that he held these positions during the Relevant

19  Period.  With regard to the second sentence, Defendants admit that during the

20  Relevant Period, Manouch Moshayedi signed and certified STEC's SEC filings

21  pursuant to Sections 302 and 906 of the Sarbanes-Oxley Act of 2002, including

22  the Company's quarterly report for the second quarter of 2009 and the 2009 Form

23  10-K.  With regard to the third sentence, Defendants admit that Manouch

24  Moshayedi signed documents in connection with the Secondary Offering,

25  including the Registration Statement on the Form S-3 and the Prospectus

26  contained in the Registration Statement.   Except as expressly admitted,

27  Defendants deny the allegations of subparagraph (a).

28

1    With regard to subparagraph (b), concerning the first sentence, Defendants

2  admit that Mark Moshayedi is the Company's CEO, COO, CTO, President and

3  Secretary, as well as a member of the Company's Board of Directors and Equity

4  Awards Committee, and that he held the position of COO, CTO, President and

5  Secretary during the Relevant Period.  With regard to the second sentence,

6  Defendants admit that during the Relevant Period, Mark Moshayedi signed

7  STEC's SEC filings, including the Registration Statement on Form S-3 and the

8  2009 Form 10-K.  Except as expressly admitted, Defendants deny the allegations

9  of subparagraph (b).

10    With regard to subparagraph (c), concerning the first sentence, Defendants

11  admit that STEC hired Raymond D. Cook in November 2008.  With regard to the

12  second sentence, Defendants admit that Raymond D. Cook is STEC's Chief

13  Financial Officer ("CFO") and Principal Accounting Officer and that he held

14  these positions during the Relevant Period.  With regard to the third sentence,

15  Defendants admit that during the Relevant Period, Raymond D. Cook signed

16  STEC's SEC filings, including the Registration Statement on Form S-3, the

17  Company's quarterly report for the second quarter of 2009, the Company's current

18  report on Form 8-K for its 2009 second quarter earnings release, the Company's

19  quarterly report for the third quarter of 2009, the 2009 third quarter earnings

20  release, the 2009 Form 10-K, the Company's current report on Form 8-K for its

21  2009 fourth quarter earnings release, and STEC's September 10, 2009 letter to the

22  SEC.    Except as expressly admitted, Defendants deny the allegations of

23  subparagraph (c).

24    With regard to subparagraph (d), concerning the first sentence, Defendants

25  admit that Rajat Bahri, Christopher Colpitts, F. Michael Ball, Dan Moses and

26  Matthew Witte were members of STEC's Board of Directors during the Relevant

27  Period.  Defendants deny the remaining allegations contained in subparagraph (d),

28

1   except to the extent that the allegations constitute Plaintiff's legal conclusions to

2   which no response is required.

3        With regard to subparagraph (e), Defendants deny the allegations, except to

4   the extent that the allegations constitute Plaintiff's legal conclusions to which no

5   response is required.

6        Except as expressly admitted, Defendants deny the allegations of this

7   Paragraph and its subparagraphs.

8        32.    Answering Paragraph 32, Defendants admit that Manouch

9   Moshayedi, Mark Moshayedi, Raymond D. Cook and Rajat Bahri signed STEC's

10  Registration Statement on Form S-3 and STEC's 2009 Form 10-K.  Defendants

11  deny the remaining allegations of this Paragraph, except to the extent that the

12  allegations constitute Plaintiff's legal conclusions to which no response is

13  required.

14       33.    Answering Paragraph 33, Defendants deny the allegations contained

15  therein, except to the extent that the allegations constitute Plaintiff's legal

16  conclusions to which no response is required.

17       34.    Answering Paragraph 34, with regard to the first sentence, Defendants

18  admit that Manouch Moshayedi, Mark Moshayedi and Mike Moshayedi formed

19  certain trusts for the benefit of themselves and their respective families.  Except as

20  expressly admitted, Defendants deny the allegations of this Paragraph.

21       35.    Answering Paragraph 35, this Paragraph sets forth Plaintiff's legal

22  conclusions and does not require a response from Defendants.  To the extent

23  Paragraph 35 contains factual assertions requiring a response, Defendants deny

24  the allegations of this Paragraph.

25       36.    Answering Paragraph 36, with regard to the first and second

26  sentences, Defendants lack knowledge or information sufficient to form a belief as

27  to the truth of the allegations.  With regard to the third sentence, Defendants admit

28  that, during the Relevant Period, PWC acted as the Independent Registered Public

1   Accounting Firm ("auditor") of STEC's financial statements and formally
2   reported upon its year-end statements.  With regard to the fourth and fifth
3   sentences, Defendants lack knowledge or information sufficient to form a belief as
4   to the truth of the allegations.  The remainder of Paragraph 36 sets forth Plaintiff's
5   characterization of this action as well as legal conclusions and does not require a
6   response from Defendants.  Except as expressly admitted, Defendants deny the
7   allegations of this Paragraph.

8       37.     Answering Paragraph 37, this Paragraph sets forth Plaintiff's
9   characterizations and legal conclusions and does not require a response.  To the
10  extent Paragraph 37 contains factual assertions requiring a response, Defendants
11  deny the allegations of this Paragraph.

12      38.     Answering Paragraph 38, Defendants admit that on March 12, 2009,
13  STEC filed with the SEC a Form 10-K for fiscal year 2008.  Except as expressly
14  admitted, Defendants deny the allegations in this Paragraph.

15      39.     Answering Paragraph 39, Defendants respond that the allegations
16  constitute a misleading and inaccurate oversimplification of a lengthy and
17  complex design-to-production process and deny the allegations of this Paragraph
18  on that basis.  Answering the footnote in Paragraph 39, with regard to the first
19  sentence, Defendants admit that on August 4, 2008, STEC hosted a conference
20  call, the transcript of which is publicly available.  Except as expressly admitted,
21  Defendants deny the allegations of this Paragraph and the accompanying footnote.

22      40.     Answering Paragraph 40, Defendants respond that the allegations
23  constitute a misleading and inaccurate oversimplification of a lengthy and
24  complex design-to-production process and deny the allegations of this Paragraph
25  on that basis.  Defendants admit that on August 4, 2008, STEC hosted a second
26  quarter 2008 conference call, the transcript of which is publicly available.  Except
27  as expressly admitted, Defendants deny the allegations of this Paragraph.

28

41.    Answering Paragraph 41, Defendants respond that the allegations constitute a misleading and inaccurate oversimplification of a lengthy and complex design-to-production process and deny the allegations of this Paragraph on that basis.  Defendants admit that STEC filed a Form 10-K for fiscal year 2008 with the SEC and that the Form 10-K is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

42.    Answering Paragraph 42, with regard to the first sentence, Defendants admit that in 2007, ZeusIOPS had not yet been qualified by any enterprise storage OEM.  With regard to the second sentence, Defendants admit that on May 17, 2007, STEC hosted a first quarter 2007 conference call, the transcript of which is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

43.    Answering Paragraph 43, Defendants admit that on January 14, 2008, STEC issued a press release that is publicly available.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence and deny the allegations on that basis.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

44.    Answering Paragraph 44, Defendants admit that on March 5, 2008, STEC hosted a year-end conference call, the transcript of which is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

45.    Answering Paragraph 45, Defendants aver that STEC filed with the SEC a Form 10-Q for third quarter 2008, which 10-Q is publicly available.  Defendants further aver that on November 10, 2008, STEC hosted a third quarter 2008 conference call, the transcript of which is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

46.    Answering Paragraph 46, Defendants aver that STEC hosted a first quarter 2009 conference call, the transcript of which is publicly available.

1    Answering the footnote in Paragraph 46, Defendants respond that this footnote

2    sets forth Plaintiff's legal conclusions and does not require a response from

3    Defendants.   Except as expressly admitted, Defendants deny the allegations of

4    this Paragraph and its footnote.

5         47.    Answering Paragraph 47, Defendants admit that STEC hosted a

6    second quarter 2009 conference call, the transcript of which is publicly available.

7    Except as expressly admitted, Defendants deny the allegations of this Paragraph.

8         48.    Answering Paragraph 48, Defendants admit that STEC filed a Form

9    10-K for fiscal year 2008 with the SEC, which is publicly available.  Answering

10   the footnote in Paragraph 48, Defendants admit that on May 14, 2007, STEC

11   hosted a first quarter 2007 conference call and on May 5, 2008, STEC hosted a

12   first quarter 2008 conference call, the transcripts of which are publicly available.

13   Defendants lack knowledge and information sufficient to form a belief as to the

14   truth of the allegations regarding EMC's expectations as contained in the second

15   sentence of the footnote and deny the allegations on that basis.  Except as

16   expressly admitted, Defendants deny the allegations of this Paragraph and its

17   footnote.

18        49.    Answering Paragraph 49, Defendants admit that on May 14, 2007,

19   STEC hosted a first quarter 2007 conference call, the transcript of which is

20   publicly available.  Except as expressly admitted, Defendants deny the allegations

21   of this Paragraph.

22        50.    Answering Paragraph 50, Defendants admit that on August 3, 2009,

23   STEC hosted a second quarter 2009 conference call, the transcript of which is

24   publicly available.  Except as expressly admitted, Defendants deny the allegations

25   of this Paragraph.

26        51.    Answering Paragraph 51, Defendants deny the allegations of this

27   Paragraph.

28

52.     Answering Paragraph 52, Defendants admit that from the first quarter of 2007 through the second quarter of 2009, STEC's revenues from ZeusIOPS sales increased from quarter to quarter and year to year.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

53.     Answering Paragraph 53, Defendants admit that STEC reported total revenues for fiscal year 2007 from the sales of SSDs in the amount of $11 million, and that STEC reported total revenues from the sales of ZeusIOPS for the fourth quarter of 2007 in the amount of $7 million.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

54.     Answering Paragraph 54, with regard to the first sentence, Defendants admit that STEC reported total revenues for fiscal year 2008 from the sales of ZeusIOPS in the amount of $52.7 million.  With regard to the second sentence, Defendants admit that on March 12, 2009, STEC hosted a year-end conference call, the transcript of which is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

55.     Answering Paragraph 55, with regard to the first sentence, Defendants admit that on March 12, 2009, STEC hosted a fourth quarter 2008 and year-end conference call, the transcript of which is publicly available.  With regard to the second sentence, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny the allegations on that basis. Except as expressly admitted, Defendants deny the allegations of this Paragraph.

56.     Answering Paragraph 56, Defendants admit that STEC reported total revenues from the sales of ZeusIOPS for the second quarter of 2009 in the amount of $57.7 million, and that STEC reported total revenues from the sales of ZeusIOPS for the first half of 2009 in the amount of $83.4 million.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

57.     Answering Paragraph 57, Defendants admit that total revenues from the sales of ZeusIOPS to EMC for the first quarter of 2009 were approximately

$7.55 million, and that total revenues from the sales of ZeusIOPS to EMC for the second quarter of 2009 were approximately $33.25 million.  Further answering Paragraph 57 and its footnote, Defendants admit that on November 3, 2009, STEC hosted a third quarter 2009 conference call, the transcript of which is publicly available.  Defendants further admit that on August 3, 2009, STEC filed a Form 10-Q for second quarter 2009 and a Registration Statement on Form 424B3 with the SEC, which filings are publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph and its footnote.

58.     Answering Paragraph 58, Defendants admit that on July 16, 2009, STEC issued a press release that is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph

59.     Answering Paragraph 59, Defendants admit that in July 2009, STEC entered an agreement with EMC pursuant to which EMC agreed to purchase $120 million of ZeusIOPS in the second half of 2009.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

60.     Answering Paragraph 60, Defendants admit that on July 16, 2009, STEC issued a press release that is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

61.     Answering Paragraph 61, with regard to the second sentence, Defendants admit that on July 16, 2009, Oppenheimer published an analyst report regarding STEC, which report is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

62.     Answering Paragraph 62, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny the allegations on that basis.

63.     Answering Paragraph 63, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny the allegations on that basis.

64.     Answering Paragraph 64, Defendants admit that the prices of STEC stock over time are publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

65.     Answering Paragraph 65, Defendants admit that on August 3, 2009, STEC filed an earnings release on Form 8-K for second quarter 2009 with the SEC, which 8-K is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

66.     Answering Paragraph 66, Defendants admit that on August 3, 2009, STEC filed a Prospectus on Form 424B3 with the SEC, which Prospectus is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

67.     Answering Paragraph 67, Defendants admit that on August 28, 2009, Needham published an analyst report regarding STEC, which report is publicly available.  Further answering Paragraph 67, Defendants lack knowledge and information sufficient to form a belief as to the truth the allegations regarding investors' understanding, and deny the allegations on that basis.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

68.     Answering Paragraph 68, Defendants Manouch Moshayedi and Mark Moshayedi admit that they sold certain shares of STEC stock in the Secondary Offering.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

69.     Answering Paragraph 69, Defendants admit that on November 3, 2009, STEC hosted a third quarter 2009 conference call, the transcript of which is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

70.     Answering Paragraph 70, Defendants admit that on November 3, 2009, STEC hosted a third quarter 2009 conference call, the transcript of which is

1    publicly available.  Except as expressly admitted, Defendants deny the allegations

2    of this Paragraph.

3         71.    Answering Paragraph 71, Defendants admit that on November 3,

4    2009, STEC filed an earnings release on Form 8-K for third quarter 2009 with the

5    SEC, which 8-K is publicly available.  Except as expressly admitted, Defendants

6    deny the allegations of this Paragraph.

7         72.    Answering Paragraph 72, Defendants admit that on November 3,

8    2009, STEC hosted a third quarter 2009 conference call, the transcript of which is

9    publicly available.  Except as expressly admitted, Defendants deny the allegations

10   of this Paragraph.

11        73.    Answering Paragraph 73, Defendants admit that on February 23,

12   2010, STEC filed an earnings release with the SEC on Form 8-K for fourth

13   quarter 2009 and fiscal year 2009, which 8-K is publicly available.  Except as

14   expressly admitted, Defendants deny the allegations of this Paragraph.

15        74.    Answering Paragraph 74, Defendants admit that on February 24,

16   2010, B. Riley published an analyst report regarding STEC, which report is

17   publicly available.  Except as expressly admitted, Defendants deny the allegations

18   of this Paragraph.

19        75.    Answering Paragraph 75, Defendants admit that on February 24,

20   2010, Oppenheimer published an analyst report regarding STEC, which report is

21   publicly available.  Except as expressly admitted, Defendants deny the allegations

22   of this Paragraph.

23        76.    Answering Paragraph 76, Defendants admit that on February 23,

24   2010, Deutsche Bank published an analyst report regarding STEC, which report is

25   publicly available.  Except as expressly admitted, Defendants deny the allegations

26   of this Paragraph.

27        77.    Answering Paragraph 77, Defendants admit that on February 24,

28   2010, Thomas Weisel Partners published an analyst report regarding STEC, which

1  report is publicly available.  Except as expressly admitted, Defendants deny the

2  allegations of this Paragraph.

3       78.     Answering Paragraph 78, Defendants admit that on February 23,

4  2010, STEC hosted a fourth quarter and fiscal year 2009 conference call, the

5  transcript of which is publicly available.  Defendants further admit that STEC

6  reported total revenues from the sales of ZeusIOPS for the first quarter of 2010 in

7  the amount of $10.4 million.  Except as expressly admitted, Defendants deny the

8  allegations of this Paragraph and the accompanying footnote.

9       79.     Answering Paragraph 79, Defendants admit that STEC issued press

10  releases on July 16, 2009 and August 3, 2009 that are publicly available.

11  Defendants further admit that on November 3, 2009, STEC hosted a third quarter

12  2009 conference call, the transcript of which is publicly available.  Except as

13  expressly admitted, Defendants deny the allegations of this Paragraph.

14       80.     Answering Paragraph 80, Defendants admit that on August 3, 2009,

15  STEC hosted a second quarter 2009 conference call, the transcript of which is

16  publicly available.  Except as expressly admitted, Defendants deny the allegations

17  of this Paragraph.

18       81.     Answering Paragraph 81, Defendants deny the allegations of this

19  Paragraph.

20       82.     Answering Paragraph 82, Defendants deny the allegations of this

21  Paragraph.

22       83.     Answering Paragraph 83, Defendants admit that on November 10,

23  2008, STEC hosted a third quarter 2008 conference call, the transcript of which is

24  publicly available.  Except as expressly admitted, Defendants deny the allegations

25  of this Paragraph.

26       84.     Answering Paragraph 84, Defendants admit that on January 14, 2008,

27  STEC issued a press release that is publicly available.  Defendants deny the

28

1  remaining allegations of Paragraph 84.  Except as expressly admitted, Defendants

2  deny the allegations of this Paragraph.

3       85.    Answering Paragraph 85, Defendants admit that on March 12, 2009,

4  STEC filed a Form 10-K for fiscal year 2008 with the SEC, which 10-K is

5  publicly available.  With regard to the third sentence, Defendants admit that STEC

6  hosted a third quarter 2009 conference call, the transcript of which is publicly

7  available.  Except as expressly admitted, Defendants deny the allegations of this

8  Paragraph.

9       86.    Answering Paragraph 86, Defendants deny the allegations of this

10  Paragraph.

11      87.    Answering Paragraph 87, Defendants admit that on November 3,

12  2009, STEC hosted a third quarter 2009 conference call, the transcript of which is

13  publicly available and speaks for itself.  Except as expressly admitted, Defendants

14  deny the allegations of this Paragraph.

15      88.    Answering Paragraph 88, Defendants lack knowledge regarding any

16  alleged information purportedly provided by a Confidential Witness and deny the

17  allegations of this Paragraph on that basis.  Answering the footnote in Paragraph

18  88, Defendants lack knowledge and information sufficient to form a belief as to

19  the truth of the allegations and deny the allegations in the footnote on that basis.

20  Defendants deny the remaining allegations of Paragraph 88 and the accompanying

21  footnote.

22      89.    Answering Paragraph 89, this Paragraph contains Plaintiff's legal

23  conclusions to which no response is required.  To the extent that Paragraph 89

24  contains factual assertions requiring a response, Defendants deny the allegations

25  of this Paragraph.

26      90.    Answering Paragraph 90, Defendants admit that a copy of the $120

27  million agreement between STEC and EMC announced on July 16, 2009, has not

28  been formally filed with the SEC.  Except as expressly admitted, Defendants deny

1    the allegations of this Paragraph.

2         91.    Answering Paragraph 91, Defendants admit that STEC received a

3    letter from the SEC dated August 28, 2009, which letter became publicly available

4    on or after December 4, 2009.  Except as expressly admitted, Defendants deny the

5    allegations of this Paragraph.

6         92.    Answering Paragraph 92, Defendants admit that STEC received a

7    letter from the SEC dated August 28, 2009, which letter became publicly available

8    on or after December 4, 2009.  Except as expressly admitted, Defendants deny the

9    allegations of this Paragraph.

10        93.    Answering Paragraph 93, Defendants admit that STEC submitted a

11   letter to the SEC dated September 10, 2009 and signed by Raymond D. Cook,

12   which letter became publicly available on or after December 4, 2009.  Except as

13   expressly admitted, Defendants deny the allegations of this Paragraph.

14        94.    Answering Paragraph 94, Defendants admit that STEC received a

15   letter from the SEC dated September 30, 2009, which letter became publicly

16   available on or after December 4, 2009.  Except as expressly admitted, Defendants

17   deny the allegations of this Paragraph.

18        95.    Answering Paragraph 95, Defendants admit that STEC submitted a

19   letter to the SEC dated October 13, 2009 and signed by Raymond D. Cook, which

20   letter became publicly available on or after December 4, 2009.  Except as

21   expressly admitted, Defendants deny the allegations of this Paragraph.

22        96.    Answering Paragraph 96, this Paragraph sets forth Plaintiff's legal

23   conclusions and does not require a response from Defendants.  To the extent that

24   this Paragraph contains factual assertions requiring a response, Defendants deny

25   the allegations of this Paragraph.

26        97.    Answering Paragraph 97, Defendants admit that on August 3, 2009,

27   STEC filed a Prospectus on Form 424B3 with the SEC, which Prospectus is

28   publicly available.  Except as expressly admitted, Defendants deny the allegations

of this Paragraph.

98.   Answering Paragraph 98, Defendants admit that STEC submitted a letter to the SEC dated September 10, 2009 and signed by Raymond D. Cook, which letter became publicly available on or after December 4, 2009.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

99.   Answering Paragraph 99, this Paragraph sets forth Plaintiff's legal conclusions and does not require a response from Defendants.  To the extent that this Paragraph contains factual assertions requiring a response, Defendants deny the allegations of this Paragraph.

100.   Answering Paragraph 100, this Paragraph sets forth Plaintiff's legal conclusions and does not require a response from Defendants.  To the extent that this Paragraph contains factual assertions requiring a response, Defendants deny the allegations of this Paragraph.

101.   Answering Paragraph 101, this Paragraph sets forth Plaintiff's legal conclusions and does not require a response from Defendants.  To the extent that this Paragraph contains factual assertions requiring a response, Defendants deny the allegations of this Paragraph.

102.   Answering Paragraph 102, Defendants admit that on August 3, 2009, STEC filed a Prospectus on Form 424B3 with the SEC, which Prospectus is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

103.   Answering Paragraph 103, Defendants admit that on August 3, 2009, STEC filed an earnings release on Form 8-K for second quarter 2009 with the SEC, which 8-K is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

104.   Answering Paragraph 104, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny the allegations of this Paragraph on that basis.

1    105.   Answering Paragraph 105, Defendants admit that on August 3, 2009,

2    Thomas Weisel Partners published an analyst report regarding STEC, which

3    report is publicly available.  Except as expressly admitted, Defendants deny the

4    allegations of this Paragraph.

5    106.   Answering Paragraph 106, Defendants admit that on August 4, 2009,

6    ThinkEquity LLC published an analyst report regarding STEC, which report is

7    publicly available.  Except as expressly admitted, Defendants deny the allegations

8    of this Paragraph.

9    107.   Answering Paragraph 107, Defendants admit that on August 4, 2009,

10   Capstone Investments published an analyst report regarding STEC, which report

11   is publicly available.  Except as expressly admitted, Defendants deny the

12   allegations of this Paragraph.

13   108.   Answering Paragraph 108, Defendants admit that on August 4, 2009,

14   Needham published an analyst report regarding STEC, which report is publicly

15   available.  Except as expressly admitted, Defendants deny the allegations of this

16   Paragraph.

17   109.   Answering Paragraph 109, with regard to the first and second

18   sentences, Defendants admit that on August 10, 2009, Wedbush Morgan

19   published an analyst report regarding STEC, which report is publicly available.

20   Except as expressly admitted, Defendants deny the allegations of this Paragraph.

21   110.   Answering Paragraph 110, Defendants admit that on August 16, 2009,

22   Deutsche Bank published an analyst report regarding STEC, which report is

23   publicly available.  Except as expressly admitted, Defendants deny the allegations

24   of this Paragraph.

25   111.   Answering Paragraph 111, Defendants admit that on September 9,

26   2009, J.P. Morgan published an analyst report regarding STEC, which report is

27   publicly available.  Except as expressly admitted, Defendants deny the allegations

28   of this Paragraph.

1       112.   Answering Paragraph 112, Defendants admit that on August 4, 2008,

2   STEC hosted a second quarter 2008 conference call, and on August 3, 2009,

3   STEC hosted a second quarter 2009 conference call, the transcripts of which are

4   publicly available.  Defendants further admit that on August 4, 2009, Capstone

5   Investments published an analyst report regarding STEC, which report is publicly

6   available.  Except as expressly admitted, Defendants deny the allegations of this

7   Paragraph.

8       113.   Answering Paragraph 113, Defendants respond that STEC disclosed

9   total revenues for ZeusIOPS SSDs during STEC's quarterly earnings calls, the

10   transcripts of which are publicly available.  Except as expressly admitted,

11   Defendants deny the allegations of this Paragraph and its footnote.

12       114.   Answering Paragraph 114 and its chart, Defendants respond that

13   STEC reported total ZeusIOPS revenues for each quarter of 2009 in its quarterly

14   earnings release calls, earnings releases, and Form 10-Qs, which are publicly

15   available.  Except as expressly admitted, Defendants deny the allegations of this

16   Paragraph.

17       115.   Answering Paragraph 115, Defendants deny the allegations of this

18   Paragraph.

19       116.   Answering Paragraph 116, Defendants deny the allegations of this

20   Paragraph, except to the extent that the allegations constitute Plaintiff's legal

21   conclusions to which no response is required.

22       117.   Answering Paragraph 117, Defendants deny the allegations of this

23   Paragraph.

24       118.   Answering Paragraph 118, Defendants admit that on March 12, 2009,

25   STEC hosted a fourth quarter 2008 conference call, the transcript of which is

26   publicly available.  Except as expressly admitted, Defendants deny the allegations

27   of this Paragraph.

28

119.   Answering Paragraph 119, Defendants admit that on November 10, 2008 and March 12, 2009, STEC hosted third quarter and fourth 2008 conference calls, the transcripts of which are publicly available.  With regard to the second sentence, Defendants admit that STEC reported total revenues for fiscal year 2008 from the sales of ZeusIOPS in the amount of $52.7 million.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

120.   Answering Paragraph 120, Defendants admit that STEC hosted a third quarter 2008 conference call and that on January 14, 2008, STEC issued a press release announcing its collaboration with EMC.  The transcript of this call and this press release are publicly available.  Answering the footnote in Paragraph 120, Defendants lack knowledge regarding any alleged information purportedly provided by a second Confidential Witness and deny the allegations of this footnote on that basis.  Except as expressly admitted, Defendants deny the allegations of this Paragraph and its footnote.

121.   Answering Paragraph 121, Defendants admit that STEC filed a Form 10-K for fiscal year 2008 with the SEC, which 10-K is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

122.   Answering Paragraph 122, with regard to the first and second sentences, Defendants admit that STEC filed quarterly Forms 10-Q with the SEC and that on February 23, 2010, STEC filed with the SEC a Form 10-K for fiscal year 2009, which filings are publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

123.   Answering Paragraph 123, Defendants admit that on August 4, 2008, STEC hosted a second quarter 2008 conference call, the transcript of which is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

124.   Answering Paragraph 124, Defendants deny the allegations of this Paragraph.

125.   Answering Paragraph 125, Defendants admit that on May 11, 2009, STEC hosted a first quarter 2009 conference call, the transcript of which is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

126.   Answering Paragraph 126, Defendants admit that the numbers reflected in the chart for each category match the numbers reported in STEC's Forms 10-Q for the first, second, and third quarters of 2009, but deny the characterization of such figures.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

127.   Answering Paragraph 127, Defendants admit that the numbers reflected in the chart in Paragraph 126 for each category match the numbers reported in STEC's Forms 10-Q for the first, second, and third quarters of 2009, but deny the characterization of such figures.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

128.   Answering Paragraph 128, Defendants admit that the numbers reflected in the chart in Paragraph 126 for each category match the numbers reported in STEC's Forms 10-Q for the first, second, and third quarters of 2009, but deny the characterization of such figures.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

129.   Answering Paragraph 129, Defendants deny the allegations of this Paragraph.

130.   Answering Paragraph 130, Defendants admit that on November 3, 2009, STEC hosted a third quarter 2009 conference call, the transcript of which is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

131.   Answering Paragraph 131, Defendants admit that on November 3, 2009, STEC hosted a third quarter 2009 conference call, the transcript of which is publicly available.  Except as expressly admitted, Defendants deny the allegations

of this Paragraph.

132.   Answering Paragraph 132, Defendants admit that on November 3, 2009, STEC hosted a third quarter 2009 conference call and filed with the SEC an earnings release on Form 8-K for third quarter 2009.  The transcript of this call and the earnings release are publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

133.   Answering Paragraph 133, the allegations are vague and ambiguous as to when the statements were allegedly made and deny the allegations on that basis. To the extent that the allegations refer to STEC's third quarter 2009 conference call, Defendants admit that on November 3, 2009, STEC hosted a third quarter 2009 conference call, the transcript of which is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

134.   Answering Paragraph 134, Defendants incorporate their answer to Paragraph 133.

135.   Answering Paragraph 135, Defendants incorporate their answer to Paragraph 133.

136.   Answering Paragraph 136, the allegations are vague and ambiguous as to the source of the alleged statements and deny the allegations on that basis. Answering the footnote in Paragraph 136, to the extent that the allegations refer to STEC's third quarter 2008 conference call, Defendants admit that on November 10, 2008, STEC hosted a third quarter 2008 conference call, the transcript of which is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph and its footnote.

137.   Answering Paragraph 137, the allegations are vague and ambiguous as to the source of the alleged statements and deny the allegations on that basis.  To the extent that the allegations refer to STEC's third quarter 2009 conference call, Defendants admit that on November 3, 2009, STEC hosted a third quarter 2009 conference call, the transcript of which is publicly available.  Except as expressly

1  admitted, Defendants deny the allegations of this Paragraph.

2       138.   Answering Paragraph 138, Defendants lack knowledge and

3  information sufficient to form a belief as to the truth of allegations regarding

4  investors' knowledge and deny the allegations on that basis.

5       139.   Answering Paragraph 139, Defendants admit that on November 3,

6  2009, Oppenheimer published an analyst report regarding STEC, which report is

7  publicly available.  Except as expressly admitted, Defendants deny the allegations

8  of this Paragraph.

9       140.   Answering Paragraph 140, Defendants aver that on November 4,

10  2009, Wedbush published an analyst report regarding STEC, which report is

11  publicly available and speaks for itself.  Except as expressly admitted, Defendants

12  deny the allegations of this Paragraph.

13       141.   Answering Paragraph 141, Defendants admit that on November 4,

14  2009, B. Riley published an analyst report regarding STEC, which report is

15  publicly available.  Except as expressly admitted, Defendants deny the allegations

16  of this Paragraph.

17       142.   Answering Paragraph 142, Defendants admit that on November 18,

18  2009, J.P. Morgan published an analyst report regarding STEC, which report is

19  publicly available.  Except as expressly admitted, Defendants deny the allegations

20  of this Paragraph.

21       143.   Answering Paragraph 143, Defendants admit that on February 23,

22  2010, STEC hosted a year-end conference call, the transcript of which is publicly

23  available.  Except as expressly admitted, Defendants deny the allegations of this

24  Paragraph.

25       144.   Answering Paragraph 144, Defendants admit that on February 23,

26  2010, STEC hosted a fourth quarter 2009 and year-end conference call, the

27  transcript of which is publicly available.  Except as expressly admitted,

28  Defendants deny the allegations of this Paragraph.

145.   Answering Paragraph 145, Defendants admit that on February 23, 2010, STEC hosted a fourth quarter 2009 and year-end conference call, the transcript of which is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

146.   Answering Paragraph 146, Defendants lack knowledge and information sufficient to form a belief as to the truth of allegations of this Paragraph and deny the allegations on that basis.

147.   Answering Paragraph 147, Defendants admit that on February 24, 2010, Needham published an analyst report regarding STEC, which report is publicly available.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and deny the allegations on that basis.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

148.   Answering Paragraph 148, Defendants admit that on February 24, 2010, J.P. Morgan published an analyst report regarding STEC, which report is publicly available.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and deny the allegations on that basis.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

149.   Answering Paragraph 149, Defendants admit that on February 23, 2010, STEC filed a Form 10-K for fiscal year 2009 with the SEC, which 10-K is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

150.   Answering Paragraph 150, Defendants admit that STEC has filed with the SEC quarterly reports on Form 10-Q, which 10-Qs are publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

151.   Answering Paragraph 151, Defendants admit that on May 11, 2009, STEC hosted a first quarter 2009 conference call, the transcript of which is

1  publicly available.  Except as expressly admitted, Defendants deny the allegations

2  of this Paragraph.

3        152.   Answering Paragraph 152, Defendants admit that on August 3, 2009,

4  STEC filed an earnings release with the SEC on Form 8-K for second quarter

5  2009, which 8-K is publicly available.  Except as expressly admitted, Defendants

6  deny the allegations of this Paragraph.

7        153.   Answering Paragraph 153, Defendants admit that on August 3, 2009,

8  STEC filed with the SEC a Prospectus on Form 424B3, which Prospectus is

9  publicly available.  Except as expressly admitted, Defendants deny the allegations

10  of this Paragraph.

11        154.   Answering Paragraph 154, Defendants deny the allegations contained

12  therein.

13        155.   Answering Paragraph 155, Defendants deny the allegations contained

14  therein.

15        156.   Answering Paragraph 156, Defendants admit that on August 3, 2009

16  STEC hosted a second quarter 2009 conference call, the transcript of which is

17  publicly available.  Except as expressly admitted, Defendants deny the allegations

18  of this Paragraph.

19        157.   Answering Paragraph 157, Defendants admit that on November 3,

20  2009, STEC hosted a third quarter 2009 conference call, the transcript of which is

21  publicly available.  Except as expressly admitted, Defendants deny the allegations

22  of this Paragraph.

23        158.   Answering Paragraph 158, Defendants respond that the phrases

24  "intimate relationship" and "standard feature" are vague and ambiguous and deny

25  the allegations of this Paragraph on that basis.

26        159.   Answering Paragraph 159, Defendants admit that on September 9,

27  2009, J.P. Morgan published an analyst report regarding STEC, which report is

28

1  publicly available.  Except as expressly admitted, Defendants deny the allegations

2  of this Paragraph.

3          160.  Answering Paragraph 160, Defendants admit that STEC submitted a

4  letter to the SEC dated September 10, 2009 and signed by Raymond D. Cook,

5  which letter became publicly available on or after December 4, 2009.  Except as

6  expressly admitted, Defendants deny the allegations of this Paragraph.

7          161.  Answering Paragraph 161, Defendants admit that on November 3,

8  2009, STEC hosted a third quarter 2009 conference call, the transcript of which is

9  publicly available.  Except as expressly admitted, Defendants deny the allegations

10 of this Paragraph.

11         162.  Answering Paragraph 162, Defendants admit that on November 3,

12 2009, STEC hosted a third quarter 2009 conference call, the transcript of which is

13 publicly available.  Except as expressly admitted, Defendants deny the allegations

14 of this Paragraph and the accompanying footnote.

15         163.  Answering Paragraph 163, Defendants admit that on May 11, 2009,

16 STEC hosted a first quarter 2009 conference call, the transcript of which is

17 publicly available.  Except as expressly admitted, Defendants deny the allegations

18 of this Paragraph.

19         164.  Answering Paragraph 164, Defendants incorporate their answer to

20 Paragraph 163.

21         165.  Answering Paragraph 165, Defendants incorporate their answer to

22 Paragraph 163.

23         166.  Answering Paragraph 166, Defendants incorporate their answer to

24 Paragraph 163.

25         167.  Answering Paragraph 167, with regard to the second sentence,

26 Defendants lack knowledge or information sufficient to form a belief as to the

27 truth of allegations regarding investors' conclusions and deny the allegations on

28 that basis.  Further answering Paragraph 167, with regard to the third and fourth

sentences, Defendants admit that on May 12, 2009, Oppenheimer and Capstone Investments published analyst reports regarding STEC, which reports are publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

168.   Answering Paragraph 168, Defendants lack knowledge regarding any alleged information purportedly provided by confidential witnesses and deny the allegations of this Paragraph on that basis.  Defendants deny the remaining allegations of Paragraph 168.

169.   Answering Paragraph 169, Defendants lack knowledge regarding any alleged information purportedly provided by confidential witnesses and deny the allegations of this Paragraph on that basis.  Defendants deny the remaining allegations of Paragraph 169.

170.   Answering Paragraph 170, Defendant Manouch Moshayedi denies the allegations of this Paragraph.  Further answering Paragraph 170, the remaining Defendants lack knowledge or information sufficient to form a belief as to allegations regarding Manouch Moshayedi's knowledge and further deny the allegations on that basis.  Defendants deny the remaining allegations of Paragraph 170.

171.   Answering Paragraph 171, Defendant Manouch Moshayedi denies the allegations of this Paragraph.  Further answering Paragraph 171, the remaining Defendants lack knowledge or information sufficient to form a belief as to allegations regarding Manouch Moshayedi's knowledge and further deny the allegations on that basis.  Defendants deny the remaining allegations of Paragraph 171.

172.   Answering Paragraph 172, Defendants admit that STEC hosted a second quarter 2009 conference call, the transcript of which is publicly available. Except as expressly admitted, Defendants deny the allegations of this Paragraph.

173.    Answering Paragraph 173, Defendants admit that STEC hosted a third quarter 2009 financial earnings call, the transcript of which is publicly available. Except as expressly admitted, Defendants deny the allegations of this Paragraph.

174.    Answering Paragraph 174, Defendant Manouch Moshayedi denies the allegations of this Paragraph.  Further answering Paragraph 174, the remaining Defendants lack knowledge or information sufficient to form a belief as to allegations regarding Manouch Moshayedi's knowledge and further deny the allegations on that basis.  Defendants deny the remaining allegations of Paragraph 174.

175.    Answering Paragraph 175, with regard to the first and second sentences, Defendants admit that STEC filed with the SEC quarterly reports on Form 10-Q during the Class Period, which 10-Qs are publicly available.  With regard to the third sentence, Defendants admit that STEC filed with the SEC earnings releases on Form 8-K for the first three quarters of 2009, which filings are publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

176.    Answering Paragraph 176, with regard to the first and second sentences, Defendants admit that on May 11, 2009, STEC filed with the SEC a quarterly report on Form 10-Q and an earnings release on Form 8-K, which filings are publicly available.  With regard to the third sentence, Defendants further respond that the prices of STEC stock over time are publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

177.    Answering Paragraph 177, with regard to the first sentence, Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations regarding investors' expectations and deny the allegations on that basis.  With regard to the second sentence, Defendants admit that on June 10, 2009, B. Riley published an analyst report regarding STEC, which report is

publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

178.   Answering Paragraph 178, with regard to the first sentence, Defendants admit that on June 16, 2009, STEC issued a press release that is publicly available.  With regard to the second sentence, Defendants admit that on November 2, 2009, Capstone Investments published an analyst report regarding STEC, which report is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

179.   Answering Paragraph 179, Defendants admit that on June 16, 2009, STEC issued a press release that is publicly available.  Further answering Paragraph 179, Defendants admit that on August 3, 2009, STEC reported revenue results for the second quarter 2009 in a Form 10-Q filed with the SEC, which Form 10-Q is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

180.   Answering Paragraph 180, Defendants deny the allegations of this Paragraph.  With regard to the second sentence, Defendants lack knowledge regarding any alleged information purportedly provided by confidential witnesses and deny the allegations on that basis.

181.   Answering Paragraph 181, Defendants lack knowledge regarding any alleged information purportedly provided by confidential witnesses and deny the allegations of this Paragraph on that basis.  Answering the footnote in Paragraph 181, the footnote contains legal conclusions to which no response is required, and Defendants deny the allegations on that basis.  With regard to the third sentence of the footnote, Defendants admit that STEC filed with the SEC quarterly reports on Form 10-Q during 2009, which 10-Qs are publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph and the accompanying footnote.

1    182.   Answering Paragraph 182, Defendants deny the allegations of this

2    Paragraph.  Further answering Paragraph 182, Defendants lack knowledge

3    regarding any alleged information purportedly provided by a third Confidential

4    Witness, and deny the allegations on this basis.

5    183.   Answering Paragraph 183, Defendants deny the allegations contained

6    therein.  Further answering Paragraph 183, Defendants lack knowledge regarding

7    any alleged information purportedly provided by a third Confidential Witness, and

8    deny the allegations on this basis.

9    184.   Answering Paragraph 184, Defendants deny the allegations contained

10   therein.  Further answering Paragraph 184, Defendants lack knowledge regarding

11   any alleged information purportedly provided by a third Confidential Witness, and

12   deny the allegations on this basis.

13   185.   Answering Paragraph 185, Defendants admit that STEC filed with the

14   SEC a Form 10-K for fiscal year 2009, which 10-K is publicly available.  Except

15   as expressly admitted, Defendants deny the allegations of this Paragraph.

16   186.   Answering Paragraph 186, Defendants deny the allegations of this

17   Paragraph.  Further answering Paragraph 186, Defendants lack knowledge

18   regarding any alleged information purportedly provided by a fourth Confidential

19   Witness, and deny the allegations on this basis.

20   187.   Answering Paragraph 187, Defendants deny the allegations of this

21   Paragraph.  Further answering Paragraph 187, Defendants lack knowledge

22   regarding any alleged information purportedly provided by a third Confidential

23   Witness, and deny the allegations on this basis.

24   188.   Answering Paragraph 188, Defendants deny the allegations of this

25   Paragraph.  Further answering Paragraph 188, Defendants lack knowledge

26   regarding any alleged information purportedly provided by a third Confidential

27   Witness, and deny the allegations on this basis.

28

189.   Answering Paragraph 189, Defendants deny the allegations of this Paragraph.  Further answering Paragraph 189, Defendants lack knowledge regarding any alleged information purportedly provided by a third Confidential Witness, and deny the allegations on this basis.

190.   Answering Paragraph 190, Defendants admit that STEC reported its quarterly revenues in quarterly reports filed with the SEC on Form 10-Q during 2009 and for the first quarter of 2010, which 10-Qs are publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

191.   Answering Paragraph 191, Defendants admit that STEC filed with the SEC an earnings release on Form 8-K for second quarter 2009, which 8-K is publicly available.  Further answering Paragraph 191, Defendants lack knowledge regarding any alleged information purportedly provided by any confidential witnesses, and deny the allegations on this basis.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

192.   Answering Paragraph 192, Defendants admit that on August 3, 2009, STEC filed with the SEC a Prospectus on Form 424B3, which Prospectus is publicly available.  Defendants further admit that on May 6, 2010, STEC filed with the SEC an earnings release on Form 8-K for the first quarter 2010, which 8-K is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

193.   Answering Paragraph 193, Defendants deny the allegations of this Paragraph.

194.   Answering Paragraph 194, Defendants lack knowledge regarding any alleged information purportedly provided by any confidential witnesses, and deny the allegations on this basis.  Defendants deny the remaining allegations of Paragraph 194.

195.   Answering Paragraph 195, Defendants admit that on June 16, 2009, STEC issued a press release that is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

196.   Answering Paragraph 196, with regard to the first sentence, Defendants respond that STEC's stock prices are publicly available.  Defendants deny the remaining allegations of Paragraph 196.

197.   Answering Paragraph 197, with regard to the first sentence, Defendants respond that prices of STEC stock over time are publicly available. With regard to the second sentence, Defendants Manouch Moshayedi and Mark Moshayedi admit that prior to the Secondary Offering, they collectively owned approximately 35.4% of STEC's common stock, and that following the Secondary Offering, they collectively retained ownership of approximately 17.3% of STEC's common stock.  Answering the footnote in Paragraph 197, with regard to first sentence, Defendants Manouch Moshayedi and Mark Moshayedi admit that on August 13, 2009, they filed Form 4s with the SEC that are publicly available. With regard to the second sentence of the footnote, Defendants admit that STEC announced the Secondary Offering on August 3, 2009, and further admit that the Secondary Offering closed on August 11, 2009.  Except as expressly admitted, Defendants deny the allegations of this Paragraph and the accompanying footnote.

198.   Answering Paragraph 198, Defendant Mark Moshayedi admits that he sold 466,292 of his STEC shares in June 2008 and 400,000 additional shares in March 2009 for proceeds of approximately $6.5 million and $3 million, respectively.  Defendant Manouch Moshayedi admits that he sold 400,000 of his STEC shares in March 2009 for proceeds of approximately $3 million.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

199.   Answering Paragraph 199, Defendants admit that on May 29, 2009, and June 16, 2009, STEC issued press releases that are publicly available. Answering the footnote in Paragraph 199, with regard to the first sentence,

1  Defendants admit that Mike Moshayedi, Manouch Moshayedi and Mark
2  Moshayedi are brothers and that Mike Moshayedi served as STEC's President
3  until he retired in 2007.  Except as expressly admitted, Defendants deny the
4  allegations of this Paragraph and its footnote.

5       200.   Answering Paragraph 200, Defendants admit that on August 3, 2009,
6  STEC hosted a second quarter 2009 conference call, the transcript of which is
7  publicly available.  Except as expressly admitted, Defendants deny the allegations
8  of this Paragraph.

9       201.   Answering Paragraph 201, Defendants admit that on November 16,
10  2009, the Seeking Alpha website published commentary regarding STEC, which
11  commentary is publicly available.  Except as expressly admitted, Defendants deny
12  the allegations of this Paragraph.

13       202.   Answering Paragraph 202, Defendants admit that on November 3,
14  2009, STEC hosted a third quarter 2009 conference call, the transcript of which is
15  publicly available.  Except as expressly admitted, Defendants deny the allegations
16  of this Paragraph.

17       203.   Answering Paragraph 203, Defendants admit that on February 24,
18  2010, Barron's published an article regarding STEC, which article is publicly
19  available.  Further answering Paragraph 203, Defendants respond that the prices
20  of STEC stock are publicly available.  Except as expressly admitted, Defendants
21  deny the allegations of this Paragraph.

22       204.   Answering Paragraph 204, with regard to the first and second
23  sentences, Defendants admit that on February 23, 2010, STEC filed with the SEC
24  a 2009 Form 10-K, and on November 2, 2010, STEC filed with the SEC a Form
25  10-Q, which filings are publicly available.  With regard to the third sentence,
26  Defendants admit that the SEC filed a complaint against Manouch Moshayedi on
27  July 19, 2012, which complaint is publicly available.  Except as expressly
28  admitted, Defendants deny the allegations of this Paragraph.

1    205.   Answering Paragraph 205, Defendants admit that on February 26,

2    2010, STEC filed with the SEC a Form 10-K that is publicly available.  Except as

3    expressly admitted, Defendants deny the allegations of this Paragraph.

4    206.   Answering Paragraph 206, this Paragraph sets forth Plaintiff's legal

5    conclusions and does not require a response from Defendants.  To the extent that

6    Paragraph 206 contains factual assertions requiring a response, Defendants deny

7    the allegations of this Paragraph.

8    207.   Answering Paragraph 207, this Paragraph sets forth Plaintiff's legal

9    conclusions and does not require a response from Defendants.  To the extent that

10   Paragraph 207 contains factual assertions requiring a response, Defendants deny

11   the allegations of this Paragraph.

12   208.   Answering Paragraph 208, Defendants admit that on August 3, 2009,

13   STEC hosted a second quarter 2009 conference call, the transcript of which is

14   publicly available.  Except as expressly admitted, Defendants deny the allegations

15   of this Paragraph.

16   209.   Answering Paragraph 209, Defendants admit that on August 3, 2009,

17   STEC filed with the SEC a Prospectus on Form 424B3, which Prospectus is

18   publicly available.  With regard to the third sentence, Defendants admit that on

19   November 3, 2009, STEC hosted a third quarter 2009 conference call, the

20   transcript of which is publicly available.  Except as expressly admitted,

21   Defendants deny the allegations of this Paragraph.

22   210.   Answering Paragraph 210, Defendants admit that on August 3, 2009,

23   STEC hosted a second quarter 2009 conference call, the transcript of which is

24   publicly available.  Except as expressly admitted, Defendants deny the allegations

25   of this Paragraph.

26   211.   Answering Paragraph 211, Defendants admit that on August 4, 2009,

27   Enterprise Storage Forum published an article by Paul Shread regarding STEC,

28

1   which article is publicly available.  Except as expressly admitted, Defendants

2   deny the allegations of this Paragraph.

3        212.   Answering Paragraph 212, Defendants deny the allegations of this

4   Paragraph.

5        213.   Answering Paragraph 213, Defendants admit that STEC hired

6   Raymond D. Cook in November 2008 and that Raymond D. Cook was not a

7   director of the Company at the time of the Secondary Offering.  Further answering

8   Paragraph 213 and its footnote, Defendants admit that Raymond D. Cook did not

9   own STEC stock at the time of the Secondary Offering.  Except as expressly

10  admitted, Defendants deny the allegations of this Paragraph.

11       214.   Answering Paragraph 214, Defendants deny the allegations of this

12  Paragraph.

13       215.   Answering Paragraph 215, Defendants admit that Rajat Bahri was not

14  an Officer of STEC during the Relevant Period, and that he was a member of

15  STEC's Board of Directors and Chair of the Board's Audit Committee during the

16  Relevant Period.  Except as expressly admitted, Defendants deny the allegations

17  of this Paragraph.

18       216.   Answering Paragraph 216, Defendants admit that on June 16, 2009,

19  STEC issued a press release that is publicly available.  Except as expressly

20  admitted, Defendants deny the allegations of this Paragraph.

21       217.   Answering Paragraph 217, Defendants admit that on July 16, 2009,

22  STEC issued a press that is publicly available.  Except as expressly admitted,

23  Defendants deny the allegations of this Paragraph.

24       218.   Answering Paragraph 218, Defendants admit that on August 3, 2009,

25  STEC issued an earnings release for second quarter 2009, which earnings release

26  is publicly available.  Except as expressly admitted, Defendants deny the

27  allegations of this Paragraph.

28

219.    Answering Paragraph 219, Defendants admit that on August 3, 2009, STEC issued an earnings release for second quarter 2009, which earnings release is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

220.    Answering Paragraph 220, Defendants admit that on August 3, 2009, STEC filed with the SEC a Prospectus on Form 424B3, which Prospectus is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

221.    Answering Paragraph 221, Defendants deny the allegations of this Paragraph and incorporate their answer to Paragraph 220.

222.    Answering Paragraph 222, Defendants admit that on August 3, 2009, STEC filed with the SEC a Form 10-Q for second quarter, which 10-Q is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

223.    Answering Paragraph 223, Defendants admit that STEC submitted a letter to the SEC, dated September 10, 2009 and signed by Raymond D. Cook, which letter became publicly available on or after December 4, 2009.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

224.    Answering Paragraph 224, Defendants respond that the prices of STEC stock over time are publicly available.  Defendants deny the remaining allegations of Paragraph 224.

225.    Answering Paragraph 225, this Paragraph sets forth Plaintiff's legal conclusions and does not require a response from Defendants.  To the extent that Paragraph 225 contains factual assertions requiring a response, Defendants deny the allegations of this Paragraph.

226.    Answering Paragraph 226, Defendants admit that on November 4, 2009, Wedbush published an analyst report regarding STEC, which report is

publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

227.  Answering Paragraph 227, Defendants admit that on November 3, 2009, Oppenheimer published an analyst report regarding STEC, which report is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

228.  Answering Paragraph 228, Defendants admit that on November 4, 2009, Barron's published an article regarding STEC, which article is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

229.  Answering Paragraph 229, Defendants admit that on November 16, 2009, the Seeking Alpha website published commentary regarding STEC, which commentary is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

230.  Answering Paragraph 230, this Paragraph sets forth Plaintiff's legal conclusions and does not require a response from Defendants.  To the extent that Paragraph 230 contains factual assertions requiring a response, Defendants deny the allegations of this Paragraph.

231.  Answering Paragraph 231, Defendants admit that on July 16, 2009, ABC News/Money published an article regarding STEC, which article is publicly available and speaks for itself.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

232.  Answering Paragraph 232, Defendants admit that on November 3, 2009, Oppenheimer published an analyst report regarding STEC, which report is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

233.  Answering Paragraph 233, Defendants admit that on September 9, 2009, J.P. Morgan published an analyst report regarding STEC, which report is

publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

234.  Answering Paragraph 234, Defendants admit that on November 4, 2009, Barron's published an article regarding STEC, which article is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

235.  Answering Paragraph 235, Defendants admit that on November 4, 2009, Wedbush published an analyst report regarding STEC, which report is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

236.  Answering Paragraph 236, this Paragraph sets forth Plaintiff's legal conclusions and does not require a response from Defendants.  To the extent that Paragraph 236 contains factual assertions requiring a response, Defendants deny the allegations of this Paragraph.

237.  Answering Paragraph 237, Defendants admit that on November 4, 2009, B. Riley published an analyst report regarding STEC, which report is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

238.  Answering Paragraph 238, Defendants admit that on November 4, 2009, J.P. Morgan published an analyst report regarding STEC, which report is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

239.  Answering Paragraph 239, Defendants admit that on November 4, 2009, Barron's published an article regarding STEC, which article is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

240.  Answering Paragraph 240, this Paragraph sets forth Plaintiff's legal conclusions and does not require a response from Defendants.  To the extent this

1    Paragraph contains factual assertions requiring a response, Defendants deny the

2    allegations.  With regard to the second and third sentences, Defendants admit that

3    on November 3, 2009, STEC hosted a third quarter 2009 earnings release

4    conference call, the transcript of which is publicly available.  Except as expressly

5    admitted, Defendants deny the allegations of this Paragraph.

6          241.   Answering Paragraph 241, Defendants admit that on November 4,

7    2009, ThinkEquity LLC published an analyst report regarding STEC, which report

8    is publicly available.  Except as expressly admitted, Defendants deny the

9    allegations of this Paragraph.

10         242.   Answering Paragraph 242, Defendants admit that on November 4,

11   2009, B. Riley published an analyst report regarding STEC, which report is

12   publicly available.  Except as expressly admitted, Defendants deny the allegations

13   of this Paragraph.

14         243.   Answering Paragraph 243, Defendants respond that the prices of

15   STEC stock over time are publicly available and speak for themselves.  Further

16   answering Paragraph 243, Defendants respond that this Paragraph sets forth

17   Plaintiff's legal conclusions and does not require a response from Defendants.  To

18   the extent that Paragraph 243 contains factual assertions requiring a response,

19   Defendants deny the allegations of this Paragraph.

20         244.   Answering Paragraph 244, Defendants respond that this Paragraph

21   sets forth Plaintiff's legal conclusions and does not require a response from

22   Defendants.  To the extent that Paragraph 244 contains factual assertions requiring

23   a response, Defendants deny the allegations.  Further answering Paragraph 244,

24   Defendants lack knowledge or information sufficient to form a belief as to

25   allegations regarding analysts' beliefs and further deny the allegations on that

26   basis.

27         245.   Answering Paragraph 245, Defendants admit that on February 24,

28   2010, Oppenheimer published an analyst report regarding STEC, which report is

1   publicly available.  Except as expressly admitted, Defendants deny the allegations

2   of this Paragraph.

3       246.   Answering Paragraph 246, Defendants admit that on November 4,

4   2009, B. Riley published an analyst report regarding STEC, which report is

5   publicly available.  Except as expressly admitted, Defendants deny the allegations

6   of this Paragraph.

7       247.   Answering Paragraph 247, Defendants admit that on February 23,

8   2010, Deutsche Bank published an analyst report regarding STEC, which report is

9   publicly available.  Except as expressly admitted, Defendants deny the allegations

10   of this Paragraph.

11       248.   Answering Paragraph 248, this Paragraph sets forth Plaintiff's legal

12   conclusions and does not require a response from Defendants.  To the extent that

13   Paragraph 248 contains factual assertions requiring a response, Defendants deny

14   the allegations of this Paragraph.

15       249.   Answering Paragraph 249, with regard to the first sentence,

16   Defendants admit that on February 24, 2010, Needham published an analyst report

17   regarding STEC, which report is publicly available.  With regard to the second

18   sentence, Defendants lack knowledge or information sufficient to form a belief as

19   to the allegations regarding analysts' or investors' expectations and further deny

20   the allegations on that basis.  Except as expressly admitted, Defendants deny the

21   allegations of this Paragraph.

22       250.   Answering Paragraph 250, Defendants admit that on February 24,

23   2010, J.P. Morgan published an analyst report regarding STEC, which report is

24   publicly available.  Further answering Paragraph 250, Defendants lack knowledge

25   or information sufficient to form a belief as to the allegations regarding analysts'

26   or investors' knowledge and further deny the allegations on that basis.  Except as

27   expressly admitted, Defendants deny the allegations of this Paragraph.

28

251.   Answering Paragraph 251, Defendants admit that this Paragraph sets forth Plaintiff's legal conclusions and does not require a response from Defendants.  To the extent that Paragraph 251 contains factual assertions requiring a response, Defendants deny the allegations contained therein.

252.   Answering Paragraph 252, Defendants admit that on February 24, 2010, Reuters published a news article regarding STEC, which article is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

253.   Answering Paragraph 253, Defendants deny the allegations of this Paragraph.

254.   Answering Paragraph 254, Defendants admit that this Paragraph sets forth Plaintiff's legal conclusions and does not require a response from Defendants.  To the extent that Paragraph 254 contains factual assertions requiring a response, Defendants deny the allegations contained therein.

255.   Answering Paragraph 255, Defendants admit that on February 23, 2010, Deutsche Bank published an analyst report regarding STEC, which report is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

256.   Answering Paragraph 256, Defendants admit that on February 24, 2010, Needham published an analyst report regarding STEC, which report is publicly available.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

257.   Answering Paragraph 257, Defendants admit that this Paragraph sets forth Plaintiff's legal conclusions and does not require a response from Defendants.  To the extent that Paragraph 257 contains factual assertions requiring a response, Defendants deny the allegations.  Further answering Paragraph 257, Defendants admit that on February 24, 2010, the Associated Press and Barron's

1    each published an article regarding STEC, each of which is publicly available.

2    Except as expressly admitted, Defendants deny the allegations of this Paragraph.

3         258.   Answering Paragraph 258, Defendants admit that this Paragraph sets

4    forth Plaintiff's legal conclusions and does not require a response from

5    Defendants.  To the extent that Paragraph 258 contains factual assertions requiring

6    a response, Defendants deny the allegations.  Further answering Paragraph 258,

7    Defendants lack knowledge or information sufficient to form a belief as to the

8    allegations regarding analysts' beliefs and further deny the allegations of this

9    Paragraph on that basis.

10        259.   Answering Paragraph 259, Defendants admit that on February 24,

11   2010, J.P. Morgan published an analyst report regarding STEC, which report is

12   publicly available.  Except as expressly admitted, Defendants deny the allegations

13   of this Paragraph.

14        260.   Answering Paragraph 260, Defendants admit that on February 24,

15   2010, Thomas Weisel Partners published an analyst report regarding STEC, which

16   report is publicly available.  Except as expressly admitted, Defendants deny the

17   allegations of this Paragraph.

18        261.   Answering Paragraph 261, Defendants admit that on February 24,

19   2010, Barron's published two articles regarding STEC, each of which is publicly

20   available.  Except as expressly admitted, Defendants deny the allegations of this

21   Paragraph.

22        262.   Answering Paragraph 262, Defendants admit that this Paragraph sets

23   forth Plaintiff's legal conclusions and does not require a response from

24   Defendants.  To the extent that Paragraph 251 contains factual assertions requiring

25   a response, Defendants deny the allegations of this Paragraph.

26        263.   Answering Paragraph 263, Defendants admit that on July 19, 2012,

27   the SEC filed a complaint against Manouch Moshayedi, which is publicly

28

1    available.  Except as expressly admitted, Defendants deny the allegations of this

2    Paragraph.

3        264.   Answering Paragraph 264 and its subparagraphs, Defendants

4    incorporate their answer to Paragraph 263.

5        265.   Answering Paragraph 265 and its subparagraphs, Defendants

6    incorporate their answer to Paragraph 263.

7        266.   Answering Paragraph 266, Defendants admit that this Paragraph sets

8    forth Plaintiff's legal conclusions and does not require a response from

9    Defendants.  To the extent that Paragraph 266 contains factual assertions requiring

10   a response, Defendants deny the allegations of this Paragraph.

11       267.   Answering Paragraph 267 and its subparagraphs, Defendants admit

12   that this Paragraph sets forth Plaintiff's legal conclusions and does not require a

13   response from Defendants.  To the extent that Paragraph 267 contains factual

14   assertions requiring a response, Defendants deny the allegations of this Paragraph

15   and subparagraphs.

16       268.   Answering Paragraph 268, Defendants admit that this Paragraph sets

17   forth Plaintiff's legal conclusions and does not require a response from

18   Defendants.  To the extent that Paragraph 268 contains factual assertions requiring

19   a response, Defendants deny the allegations of this Paragraph.

20   ## COUNT I

21   **Violation of Section 10(b) of the Exchange Act and Rule 10b-5**

22   **(against the Securities Fraud Defendants)**

23       269.   Answering Paragraph 269, Defendants incorporate their answers to

24   Paragraphs 1-268.

25       270.   Answering Paragraph 270, Defendants deny the allegations of this

26   Paragraph.

27       271.   Answering Paragraph 271, Defendants incorporate their answer to

28   Paragraph 270.

272.    Answering Paragraph 272, Defendants incorporate their answer to Paragraph 270.

273.    Answering Paragraph 273, Defendants incorporate their answer to Paragraph 270.

274.    Answering Paragraph 274, Defendants incorporate their answer to Paragraph 270.

275.    Answering Paragraph 275, Defendants incorporate their answer to Paragraph 270.

276.    Answering Paragraph 276, Defendants incorporate their answer to Paragraph 270.

277.    Answering Paragraph 277, Defendants incorporate their answer to Paragraph 270.

278.    Answering Paragraph 278, Defendants incorporate their answer to Paragraph 270.

279.    Answering Paragraph 279, Defendants incorporate their answer to Paragraph 270.

280.    Answering Paragraph 280, Defendants incorporate their answer to Paragraph 270.

## COUNT II

### Violation of Section 20(a) of the Exchange Act

### (against the Securities Fraud Defendants)

281.    Answering Paragraph 281, Defendants incorporate their answers to Paragraphs 1-280.

282.    Answering Paragraph 282, Defendants deny the allegations of this Paragraph.

283.    Answering Paragraph 283, Defendants incorporate their answer to Paragraph 282.

284.   Answering Paragraph 284, Defendants incorporate their answer to Paragraph 282.

285.   Answering Paragraph 285, Defendants incorporate their answer to Paragraph 282.

286.   Answering Paragraph 286, Defendants incorporate their answer to Paragraph 282.

287.   Answering Paragraph 287, Defendants incorporate their answer to Paragraph 282.

288.   Answering Paragraph 288, Defendants incorporate their answer to Paragraph 282.

289.   Answering Paragraph 289, Defendants incorporate their answer to Paragraph 282.

## <u>COUNT III</u>

### **Breach of Fiduciary Duty**

### **(Derivatively on Behalf of STEC, and against the Officer/Director Defendants)**

290.   Answering Paragraph 290, Defendants expressly reserve response to Plaintiff's demand allegations and derivative claims, and no part of this answer, or any of the answers contained above in Paragraphs 1-289, is intended to constitute an answer or response to any such allegations or claims.

291.   Answering Paragraph 291, Defendants incorporate their answer to Paragraph 290.

292.   Answering Paragraph 292, Defendants incorporate their answer to Paragraph 290.

293.   Answering Paragraph 293, Defendants incorporate their answer to Paragraph 290.

294.   Answering Paragraph 294, Defendants incorporate their answer to Paragraph 290.

1        295.    Answering Paragraph 295, Defendants incorporate their answer to
2 Paragraph 290.

3        296.    Answering Paragraph 296, Defendants incorporate their answer to
4 Paragraph 290.

5        297.    Answering Paragraph 297, Defendants incorporate their answer to
6 Paragraph 290.

7        298.    Answering Paragraph 298, Defendants incorporate their answer to
8 Paragraph 290.

9        299.    Answering Paragraph 299, Defendants incorporate their answer to
10 Paragraph 290.

11        300.    Answering Paragraph 300, Defendants incorporate their answer to
12 Paragraph 290.

13        301.    Answering Paragraph 301, Defendants incorporate their answer to
14 Paragraph 290.

15        302.    Answering Paragraph 302, Defendants incorporate their answer to
16 Paragraph 290.

17        303.    Answering Paragraph 303, Defendants incorporate their answer to
18 Paragraph 290.

19        304.    Answering Paragraph 304, Defendants incorporate their answer to
20 Paragraph 290.

21        305.    Answering Paragraph 305, Defendants incorporate their answer to
22 Paragraph 290.

23        306.    Answering Paragraph 306, Defendants incorporate their answer to
24 Paragraph 290.

25        307.    Answering Paragraph 307, Defendants incorporate their answer to
26 Paragraph 290.

27        308.    Answering Paragraph 308, Defendants incorporate their answer to
28 Paragraph 290.

309.   Answering Paragraph 309, Defendants incorporate their answer to Paragraph 290.

310.   Answering Paragraph 310, Defendants incorporate their answer to Paragraph 290.

311.   Answering Paragraph 311, Defendants incorporate their answer to Paragraph 290.

312.   Answering Paragraph 312, Defendants incorporate their answer to Paragraph 290.

## COUNT IV

### Unjust Enrichment

### (Derivatively on Behalf of STEC against Defendants Manouch Moshayedi, Mark and Mike Moshayedi and the Trust Defendants)

313.   Answering Paragraph 313, Defendants incorporate their answer to Paragraph 290.

314.   Answering Paragraph 314, Defendants incorporate their answer to Paragraph 290.

315.   Answering Paragraph 315, Defendants incorporate their answer to Paragraph 290.

316.   Answering Paragraph 316, Defendants incorporate their answer to Paragraph 290.

## COUNT V

### Violation of California Corporations Code § 25402

### (Derivatively on Behalf of STEC against Defendants Manouch Moshayedi, Mark and Mike Moshayedi and the Trust Defendants)

317.   Answering Paragraph 317, Defendants incorporate their answer to Paragraph 290.

318.   Answering Paragraph 318, Defendants incorporate their answer to Paragraph 290.

319.   Answering Paragraph 319, Defendants incorporate their answer to Paragraph 290.

320.   Answering Paragraph 320, Defendants incorporate their answer to Paragraph 290.

### COUNT VI

**Waste of Corporate Assets**

**(Derivatively on Behalf of STEC against the**

**Officer/Director Defendants)**

321.   Answering Paragraph 321, Defendants incorporate their answer to Paragraph 290.

322.   Answering Paragraph 322, Defendants incorporate their answer to Paragraph 290.

323.   Answering Paragraph 323, Defendants incorporate their answer to Paragraph 290.

324.   Answering Paragraph 324, Defendants incorporate their answer to Paragraph 290.

### PRAYER FOR RELIEF

To the extent that any response is required to Plaintiff's prayer for relief, Defendants deny each and every allegation contained therein.

### JURY DEMAND

Defendants demand a trial by jury on all triable issues.


Defendants reserve the right to amend their Answer as necessary once the precise nature of the relevant circumstances or events is determined through discovery.

## **AFFIRMATIVE DEFENSES**

Without admitting or acknowledging that the Defendants bear any burden of proof as to any of them, Defendants assert the following affirmative defenses with respect to Plaintiff's Securities Law claims:[3]

### **First Affirmative Defense**

The Complaint, and each claim alleged therein, fails to state a claim upon which relief can be granted.

### **Second Affirmative Defense**

The claims alleged in the Complaint are barred in whole or in part by the doctrines of waiver, estoppel, ratification, or unclean hands.

### **Third Affirmative Defense**

Certain alleged untrue statements of material fact, omissions of material fact, misleading statements, or other challenged statements allegedly made by Defendants are rendered non-actionable by the Safe Harbor provisions of the Private Securities Litigation Reform Act of 1995, adding Section 21E to the Securities Exchange Act of 1934, as codified at 15 U.S.C. § 78u-5(c).

### **Fourth Affirmative Defense**

Plaintiff failed to make reasonable efforts to mitigate any injury or damage they may have suffered, which would have prevented or reduced their injury or damages, if any.

### **Fifth Affirmative Defense**

Plaintiff had actual or constructive knowledge of some or all of the facts alleged in the Complaint upon which Defendants' liability is asserted at the time that Plaintiff purchased STEC stock. Plaintiff assumed the risk that the value of the STEC stock could decline.

---

[3] Defendants expressly reserve the right to assert affirmative defenses to Plaintiff's demand and derivative allegations. Nothing in this answer shall limit Defendants' right to subsequently assert any affirmative defenses with respect to Plaintiff's demand and derivative allegations.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Sixth Affirmative Defense**

Plaintiff's claims are barred in whole or in part because the statements, reports, and/or filings allegedly issued by Defendants contained sufficient cautionary language, and bespoke caution with respect to the subject matter of each misrepresentation or omission alleged in the Complaint, so as to warn Plaintiff and members of the purported class of the risks of investing in STEC stock.

**Seventh Affirmative Defense**

Plaintiff would have acquired STEC common stock even if, at the time the stock was acquired, Plaintiff had known of the allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other wrongful conduct upon which Defendants' liability is asserted.

**Eighth Affirmative Defense**

When Plaintiff acquired shares of STEC common stock, Plaintiff knew, or in the exercise of reasonable care should have known, of facts with respect to the allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other actions by Defendants alleged in the Complaint, and Plaintiff was negligent, and this negligence was a cause-in-fact and a proximate cause of any alleged damages.  Such negligence bars recovery in whole or in part by each member of the purported class.

**Ninth Affirmative Defense**

No act or omission attributed to any Defendant in the Complaint was the actual or proximate cause of any injury suffered by Plaintiff.

**Tenth Affirmative Defense**

Any recovery for damages, if any, allegedly incurred by Plaintiff is limited to the percentage of responsibility of Defendants in proportion to the total fault of all persons, named as parties to this action or not, who caused or contributed to Plaintiff's alleged damages, pursuant to the Proportionate Liability provisions of the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. §

78u-4(f)(2)(B).  The acts and practices of persons or entities not associated with Defendants and ongoing economic events constitute independent intervening and superseding causes of the alleged harm, if any, suffered by Plaintiff, relieving Defendants of any liability.

<b>Eleventh Affirmative Defense</b>

Any recovery for damages, if any, allegedly incurred by Plaintiff is subject to offset in the amount of any tax benefits actually received by Plaintiff or through their investments.

<b>Twelfth Affirmative Defense</b>

Defendants are not liable for certain statements alleged in the Complaint to be untrue or to have omitted a material fact because Plaintiff abandoned or waived claims based on these alleged statements.

<b>Thirteenth Affirmative Defense</b>

Each and every one of Defendants alleged to be a control person under Section 20(a) of the 1934 Act acted in good faith and did not directly or indirectly induce any acts constituting the alleged violations and causes of action.

<b>Fourteenth Affirmative Defense</b>

In executing or authorizing the execution and/or publication of any document containing the statements complained of in the Complaint, Defendants were entitled to, and did, reasonably and in good faith rely upon the work and conclusions of other professionals and experts.

<b>Fifteenth Affirmative Defense</b>

Plaintiff lacks standing to assert the claims set forth in the Complaint.

<b>Sixteenth Affirmative Defense</b>

The claims alleged in the Complaint are barred in whole or in part by the applicable statute(s) of limitations.

| | |
|---|---|
| 1 | **Seventeenth Affirmative Defense** |
| 2 |      Plaintiff's claims are barred in whole or in part by the doctrines of res |
| 3 | judicata and/or collateral estoppel. |
| 4 | |
| 5 |      Defendants reserve the right to assert additional affirmative defenses once |
| 6 | the precise nature of the relevant circumstances or events is determined through |
| 7 | discovery. |
| 8 | |
| 9 |      WHEREFORE, Defendants pray that this Court enter judgment as follows: |
| 10 |     1.     That judgment be entered in favor of Defendants; |
| 11 |     2.     For costs, attorneys' fees, and court hearing fees incurred herein; |
| 12 | and |
| 13 |     3.     For such other and further relief as this Court deems just and proper. |
| 14 | |
| 15 | DATED:  May 10, 2013               LATHAM & WATKINS LLP |
| 16 |                              By /s/  Patrick E. Gibbs |
| 17 |                              Patrick E. Gibbs (Bar No. 183174) |
| 18 |                              *patrick.gibbs@lw.com*<br>Matthew Rawlinson (Bar No. 231890) |
| 19 |                              *matt.rawlinson@lw.com*<br>140 Scott Drive |
| 20 |                              Menlo Park, CA 94025<br>Telephone: (650) 328-4600 |
| 21 |                              Facsimile: (650) 463-2600 |
| 22 |                              Michele D. Johnson (Bar No. 198298) |
| 23 |                              *michele.johnson@lw.com*<br>Colleen C. Smith (Bar No. 231216) |
| 24 |                              *colleen.smith@lw.com*<br>650 Town Center Drive, 20th Floor |
| 25 |                              Costa Mesa, CA  92626<br>Telephone: (714) 540-1235<br>Facsimile: (714) 755-8290 |
| 26 | |
| 27 |                              *Attorneys for Defendants Manouch<br>Moshayedi, Mehrdad Moshayedi,* |
| 28 |                              *Raymond D. Cook, and Rajat Bahri* |